**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RANDY COOPER,**

    **Plaintiff,**

**v.**                                                                        **Civil Action No. 2:09cv114
(Judge Maxwell)**

**WILLIAM FOX AND
JIM RUBENSTEIN,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil action on September 23, 2009, by filing an "Emergency Writ of Mandamus." In the complaint, the plaintiff asserts that his constitutional rights are being violated because the defendants monitor and control his movements through an implanted chip in his neck. In addition, he alleges that the implanted chip "sees what he sees" and "knows his thoughts." This case is before the Court on the plaintiff's application to proceed *in forma pauperis*.

### II. Standard of Review

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to § 1915(g), this Court takes judicial notice of case number 5:05cv177 from the United States District Court for the Southern District of West Virginia. See Cooper v. Rubenstein, et al., 5:05cv177 (S.D.W.Va. Feb. 1, 2006). In the Proposed Findings and Recommendation of Magistrate Judge R. Clarke VanDervort, the Court outlined the plaintiff's extensive filing history with the Southern District of West Virginia. Id. at dckt. 6. Moreover, the Court found that the plaintiff had filed 32 actions in the Southern District, six of which were dismissed as frivolous, three of which were dismissed pursuant to the "three strikes rule" and ten of which were dismissed pursuant to a pre-filing injunction issued by the Court.[1] Id.

Since that time, the plaintiff has been transferred to the St. Mary's Correctional Center, within the jurisdiction of the Northern District of West Virginia. This is the plaintiff's second case in this Court. See Cooper v. Fox, et al., 5:09cv93 (N.D.W.Va. Sept. 8, 2009). That case has been recommended for dismissal under the "three strikes rule." Id. at dckt. 9.

Like the plaintiff's prior case in this Court, the instant action is due to be dismissed under the "three-strikes rule." As recognized by the Southern District of West Virginia, the plaintiff has had at least three cases dismissed under 28 U.S.C. § 1915 as frivolous, malicious or for the failure to state a claim. Thus, the plaintiff cannot initiate the instant action without prepayment of the entire $350.00 filing fee, unless he can establish that he is under imminent threat of physical harm. The allegations in the complaint simply do not meet this standard. In fact, the undersigned finds the plaintiff's claims irrational and wholly incredible.

### III. Recommendation

---

[1] Many of those cases involve the same allegations raised in the instant complaint.

Accordingly, the undersigned recommends that the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 5) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

Moreover, because it appears that the plaintiff plans to practice in this Court, the same abusive and manipulative filing practices with which he plagued the Southern District of West Virginia, the undersigned further recommends that this Court also issue a pre-filing injunction against the plaintiff under the All Writs Act of 28 U.S.C. § 1651. See Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-820 (4th Cir. 2004). In Cromer, the Fourth Circuit recognized that injunctions should be issued only in extreme cases and only after consideration of the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer at 818.

Here, the plaintiff clearly has a history of vexatious, frivolous and duplicative litigation. In fact, his litigation practices have already barred him from filing suits in at least one other Court. In addition, as noted herein, although his claims have repeatedly been found to be frivolous, the plaintiff continues to make the same claims over and over. Thus, there is no good faith basis for his

3

claims and the purpose of his repetitive suit is merely to harass the defendants and the courts. Third, given the overabundance of frivolous suits the plaintiff has filed, the burden on the courts and the other parties is great. Last, there appear to be no other available sanctions which could alleviate the burden of the plaintiff's frivolous filings. Accordingly, the undersigned recommends that this Court also issue a pre-filing injunction against the plaintiff.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 1, 2009.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE