IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY COOPER,

        **Plaintiff,**

v.                               Civil Action No. 2:09cv114

WILLIAM FOX and
JIM RUBENSTEIN,

        **Defendants.**

RANDY COOPER,

        **Plaintiff,**

                                  Civil Action No. 2:09cv128

WARDEN WILLIAM FOX,
COMMISSIONER JIM REBENSTEIN,
and UNIT MANAGER BOB PARKER,

        **Defendants.**

## JUDGMENT ORDER AND INJUNCTION ORDER

It will be recalled that on October 1, 2009, Magistrate Judge David J. Joel filed his Report and Recommendation in Civil Action No. 2:09cv114. It will further be recalled that on November 13, 2009, Magistrate Judge James E. Seibert filed his Report and Recommendation in Civil Action No. 2:09cv128. In each Report and Recommendation, the Plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. Plaintiff timely filed objections in both civil actions.

Before addressing the aforementioned civil actions, the Court must first note that Plaintiff has an extensive history of filing frivolous lawsuits. Like the Magistrate Judges, the Court has also reviewed the Plaintiff's legal history in the Southern District of West Virginia. In accordance with the Magistrate Judges, the Court will also take judicial notice of Civil Action No. 5:05-0177 from the United States District Court for the Southern District of West Virginia, in which Plaintiff's filing history in that district is detailed in the Proposed Findings and Recommendation, filed on January 19, 2006. At the date of that filing, Plaintiff had initiated 32 actions in that Court, all of which have been dismissed as frivolous. The Court further notes that by Orders entered in the Southern District of West Virginia, Plaintiff has been enjoined from filing any further actions in federal courts without first paying the required filing fee or obtaining leave from the District Court to do so *in forma pauperis*. See Cooper v. Wilson, et. al., 5:02-1400 (S.D.W.Va. March 7, 2003); Cooper v. West Virginia, 5:02-0342 (S.D.W.Va. March 26, 2003). To date, the Plaintiff has already initiated three civil actions in this Court.[1]

In both actions currently before the Court, the Magistrate Judges recommend that Plaintiff's Motions for Leave to Proceed In Forma Pauperis be denied, and that the cases be dismissed with prejudice pursuant to 28 U.S.C. §1915(g), which provides that a prisoner shall not be permitted to proceed *in forma pauperis* if he has brought 3 or more actions or appeals that were dismissed as frivolous, malicious, or for failing to state a claim. The only exception under 28 U.S.C. §1915(g) is if the prisoner is under imminent danger of serious physical injury. Upon examination of the reports from the Magistrate Judges, it appears to

---

[1]In addition to the instant two civil actions, Plaintiff has already had an action, Cooper v. Fox, et al., 5:09cv93 (N.D.W.Va. Sept. 8, 2009), dismissed pursuant to the "three strikes rule."

2

the Court that the Plaintiff's actions were properly considered by the Magistrate Judges in their Report and Recommendations.  Because the Plaintiff has timely filed objections in each of the above-styled civil actions, the Court has conducted a *de novo* review of all matters now before it in each action, and finds the Plaintiff's objections in each case to be without merit.  Finding the Magistrate Judges' Report and Recommendations to accurately reflect the law applicable to the facts and circumstances before the Court in these actions, it is hereby

**ORDERED** that Magistrate Judge Joel and Magistrate Judge Seibert's Report and Recommendations be, and the same hereby are, accepted in whole and that these civil actions be disposed of in accordance with the recommendations of the Magistrate Judges.  Accordingly, it is

**ORDERED** that Plaintiff's Motions for Leave to Proceed In Forma Pauperis, filed in each of the above-styled civil actions, shall be, and the same are hereby, **DENIED**.  It is further

**ORDERED** that both of the above-styled civil actions shall be, and the same are hereby, **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(g) .  It is further

**ORDERED** that Plaintiff's Motion for Preliminary Injunction and Motion for Appointment of Counsel, both filed in Civil Action No. 2:09cv128, shall be, and the same hereby are, **DISMISSED**  as moot.  It is further

**ORDERED** that the above-styled civil actions shall be **STRICKEN** from the docket of this Court.  It is further

**ORDERED** that the Clerk shall enter judgment for the Defendants in each of the above-styled civil actions.

Based on the foregoing findings by this Court as to Plaintiff's continuing abuse of *in forma pauperis* status, pursuant to the recommendations made by the Magistrate Judges in their respective Report and Recommendations, and in accord with the aforementioned Orders issued in the United States District Court for the Southern District of West Virginia,[2] the Court hereby issues a **PRE-FILING INJUNCTION** against Plaintiff Randy Cooper by Ordering as follows:

1. Plaintiff is **ENJOINED** from filing any further actions in the federal courts without first paying the required filing fee in full or seeking and obtaining leave form the District Court to file *in forma pauperis*. To receive *in forma pauperis* status in the future, Plaintiff must demonstrate to the Court that he is under imminent danger of serious physical injury.

2. The Clerk is **DIRECTED** not to accept any additional filings from the Plaintiff without payment in full of the required filing fee or a directive from a district judge or magistrate judge of this Court that the Plaintiff may file his documents with *in forma pauperis* status.

3. Plaintiff hereby receives notice that any failure to comply with this Order will constitute contempt of court and will subject him to court-ordered sanctions.

4. The Warden of St. Mary's Correctional Center is **DIRECTED** to deliver a copy of this Judgment Order and Injunction Order to Plaintiff.

It is further **ORDERED** that, if Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal

---

[2]See Cooper v. Wilson, 5:02-1400; Cooper v. West Virginia, 5:02-0342.

Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed <u>in forma pauperis</u> from the United States Court of Appeals for the Fourth Circuit.

The Clerk of the Court is directed to transmit a copy of this Order to all parties appearing herein and to the Warden of St. Mary's Correctional Center.

**ENTER**: March 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE